IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PUERTO RICO SURGICAL
TECHNOLOGIES, INC.

       Plaintiff

       v.

APPLIED MEDICAL DISTRIBUTION
CORPORATION,

      Defendant

CIVIL NO. 10-1797 (JP)

## OPINION AND ORDER

Before the Court are Defendant Applied Medical Distribution Corporation's ("Applied Medical") motion to dismiss the case without prejudice (**No. 13**), Plaintiff Puerto Rico Surgical Technologies, Inc.'s ("PRST") opposition thereto (No. 18), and Defendant's reply (No. 21). Plaintiff brought the instant case alleging that Defendant violated the Puerto Rico Dealer's Act, Law 75 of June 24, 1964 ("Law 75"), P.R. Laws Ann. tit. 10, § 278 *et seq*. Defendant moves to dismiss the case pursuant to the forum selection clause located in the distribution agreement between Plaintiff and Defendant. For the reasons stated herein, Defendant's motion is hereby **GRANTED**.

## I.   FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Plaintiff PRST and Defendant Applied Medical executed a distribution agreement (the "Agreement") on November 1, 2007 and November 19, 2007. The Agreement made PRST a non-exclusive

CIVIL NO. 10-1797 (JP)            -2-

distributor for Applied Medical responsible for marketing, selling and distributing certain products within the geographical territory of the Commonwealth of Puerto Rico.  Section 10(a) of the Agreement states "[t]his Agreement shall be governed by and construed under the laws of the State of California.  The federal and state courts within the State of California shall have exclusive jurisdiction to adjudicate any dispute arising out of this Agreement."

On July 8, 2010, Plaintiff PRST commenced an action in the Puerto Rico Court of First Instance, Superior Part of Bayamon, seeking damages pursuant to an alleged violation by Defendant of Law 75, P.R. Laws Ann. tit. 10, § 278 *et seq.*  On August 18, 2010, Defendant Applied Medical removed the case to this Court and, subsequently, filed the instant motion requesting that the forum selection clause be enforced.

II.  **LEGAL STANDARD FOR MOTION TO DISMISS**

The First Circuit Court of Appeals has determined that a motion to dismiss premised on a forum selection clause should be "treated as one alleging the failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6)."  <u>Silva v. Encyclopedia Britannica, Inc.</u>, 239 F.3d 385, 387 (1st Cir. 2001).  As such, the Court will apply the Federal Rule of Civil Procedure 12(b)(6) standard to the instant motion.

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts

CIVIL NO. 10-1797 (JP)          -3-

consistent with the allegations in the complaint." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 563 (2007).  As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable.  <u>Id.</u> at 570.

The First Circuit has interpreted <u>Twombly</u> as sounding the death knell for the oft-quoted language of <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Rodríguez-Ortiz v. Margo Caribe, Inc.</u>, 490 F.3d 92, 95-96 (1st Cir. 2007).  Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." <u>Rumford Pharmacy, Inc. v. City of East Providence</u>, 970 F.2d 996, 997 (1st Cir. 1992).

## III. <u>ANALYSIS</u>

Defendant moves for the Court to dismiss Plaintiff's complaint without prejudice arguing that the forum selection clause requiring that the case be brought in California is enforceable.  Plaintiff opposes the motion.  The Court will now consider the parties' arguments.

### A.   <u>Forum Selection Clause</u>

"Federal courts have long enforced forum selection clauses as a matter of federal common law." <u>Lambert v. Kysar</u>, 983 F.2d 1110, 1116 (1st Cir. 1993).  When interpreting said clauses

CIVIL NO. 10-1797 (JP)          -4-

in diversity cases, federal law has been applied. <u>Renaissance Marketing, Inc. v. Monitronics International, Inc.</u>, 606 F. Supp. 2d 201, 211 (D.P.R. 2009) (citing <u>D.I.P.R. MFG., Inc. v. Perry Ellis International, Inc.</u>, 472 F. Supp. 2d 151, 154 (D.P.R. 2007)).

Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 10 (1972); <u>see also</u> <u>Silva v. Encyclopedia Britannica Inc.</u>, 239 F.3d 385, 386 (1st Cir. 2001). A forum selection clause will be valid unless "enforcement would be unreasonable and unjust, or . . . the clause [is] invalid for such reasons as fraud or overreaching." <u>M/S Bremen</u>, 407 U.S. at 15. As such, the party seeking non-enforcement of the forum selection clause has the burden of proof. <u>See</u> <u>Royal Bed and Spring Co., Inc. v. Famossul Industria E Comercio de Moveis LTDA.</u>, 906 F.2d 45, 49 (1st Cir. 1990).

Some of the factors to be considered in determining whether a forum selection clause should be enforced are: (1) whether said clause contravenes a strong public policy of the forum where the suit was brought; (2) the inconvenience to the parties of litigating the case in the selected forum; and (3) whether the clause was freely negotiated by the parties. <u>Intercall Telecommunications, Inc. v. Instant Impact, Inc.</u>, 376 F. Supp. 2d 155, 159 (D.P.R. 2005) (citing

CIVIL NO. 10-1797 (JP)            -5-

<u>Miro Gonzalez v. Avatar Realty, Inc.</u>, 177 F. Supp. 2d 101, 104 (D.P.R. 2001)); <u>see also</u> <u>M/S Bremen</u>, 407 U.S. at 15-18.

Defendant argues that the forum selection clause should be enforced because: (1) said clause does not contravene a strong public policy of Puerto Rico; (2) litigating the case in California would not be sufficiently inconvenient to make the clause invalid; and (3) said clause was freely negotiated by the parties. Plaintiff counters that the forum selection clause contravenes the strong public policy behind Law 75 and that it would be unreasonably inconvenienced by having to litigate this case in California.

**1.  Forum selection clause does not contravene a strong public policy of Puerto Rico**

Plaintiff argues that the strong public policy behind Law 75, specifically behind P.R. Laws Ann. tit. 10, § 278b-2 ("Section 278b-2"), is contravened by the forum selection clause in this case.  Section 278b-2 states:

> [a]ny stipulation that obligates a dealer to . . . litigate any controversy that comes up regarding his dealer's contract outside of Puerto Rico, or under foreign law or rule of law, shall be likewise considered as violating the public policy set forth by this chapter and is therefore null and void.

After considering the argument, the Court finds that Plaintiff's argument fails.  The First Circuit has held, based on <u>Unisys Puerto Rico v. Ramallo Brothers Printing, Inc.</u>, 128 D.P.R. 842 (1991), that "there is no conflict between federal common law and Puerto Rico law

CIVIL NO. 10-1797 (JP)          -6-

regarding the enforceability of forum-selection clauses."[1]  <u>Silva</u>, 239 F.3d at 386 n.1.  This principle is so firmly established that this Court has consistently applied it over the last two decades including in cases with claims under Law 75.  <u>Perry Ellis</u>, 472 F. Supp. 2d at 155 (citing <u>Díaz-Rosado v. Auto Wax Co.</u>, 2005 WL 2138794 (D.P.R. Aug. 26, 2005); <u>Outek Caribbean Distributors, Inc. v. Echo, Inc.</u>, 206 F. Supp. 2d 263 (D.P.R. 2002); <u>Maxon Engineering Services, Inc. v. United Sciences, Inc.</u>, 34 F. Supp. 2d 97, 100 (D.P.R. 1998); <u>Stereo Gema, Inc. v. Magnadyne Corp.</u>, 941 F. Supp. 271, 272-75 (D.P.R. 1996); <u>Caribe BMW, Inc. v. Bayerische Motoren Werke Aktiengesellschaft</u>, 821 F. Supp. 802 (D.P.R. 1993)).

Based on said case law, the Court finds that the forum selection clause in this case does not contravene an important public policy of Puerto Rico.[2]

---

1.    Plaintiff also invites this Court to revisit the <u>Unisys</u> decision.  128 D.P.R. 842 (1991).  The Court declines said invitation.

2.    The Court notes that Plaintiff's reliance on <u>Rafael Rodríguez Barril, Inc v. Conbraco Industries, Inc.</u>, ---F.3d---, 2010 WL 3491168 (1st Cir. Sept. 8, 2010) is misplaced.  Said case dealt with the validity of a forum selection clause in the context of the Puerto Rico Sales Representatives Act of 1990, P.R. Laws Ann. tit. 10, §§ 279-279h.  <u>Id.</u> at *1.  As such, the statements made in relation to Law 75 are dicta and not binding precedent.  <u>Dedham Water Co., Inc. v. Cumberland Farms Dairy, Inc.</u>, 972 F.2d 453, 459 (1st Cir. 1992) ("Dictum constitutes neither the law of the case nor the stuff of binding precedent[]").  Plaintiff's argument is even less persuasive in light of the First Circuit and District of Puerto Rico's case law previously cited by the Court.

CIVIL NO. 10-1797 (JP)             -7-

**2.   Litigating the case outside of Puerto Rico would not be sufficiently inconvenient to make the clause invalid**

Plaintiff argues that the proper forum for this case is Puerto Rico because the Agreement was executed and exercised in Puerto Rico, and because the evidence and witnesses are in Puerto Rico. Plaintiff did not state what evidence and/or which witnesses are in Puerto Rico.

After considering the argument, the Court disagrees with Plaintiff. The burden of proof to set aside a forum selection clause on inconvenience grounds is a heavy one. In re Mercurio, 402 F.3d 62, 66 (1st Cir. 2005). In the instant case, Plaintiff has failed to meet its heavy burden because it is merely arguing that Puerto Rico would be a more convenient forum. Id. (stating that the heavy burden of proof to set aside a forum selection clause requires more "than simply showing that another location would be more convenient[]"); see also Antilles Cement Corp. v. Aalborg Portland A/S, 526 F. Supp. 2d 205, 208 (D.P.R. 2007) (citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991)).[3]

Further, Plaintiff has not argued that it would be deprived of its day in court if the forum selection clause is enforced.

---

3.    Moreover, the Court notes that Plaintiff has not shown that Puerto Rico would be the more convenient forum because: (1) the Agreement was negotiated between an employee of Plaintiff in Puerto Rico and an employee of Defendant based in California; (2) the products were shipped from California; (3) Defendant's customer relations and credit teams which supported the Agreement were exclusively based in California; (4) two of Plaintiff's employees attended at least one training session in California; and (5) Defendant is based in California.

CIVIL NO. 10-1797 (JP)            -8-

<u>Antilles</u>, 526 F. Supp. 2d at 208 ("Disregarding the parties' choice of forum is reserved for those extreme situations where the evidence shows that not only will it be 'gravely difficult and inconvenient' to face trial thereat but also 'that he will for all practical purposes be deprived of his day in court[]'").  Accordingly, the Court finds that enforcing the forum selection clause would not be sufficiently inconvenient to make said clause invalid.

> **3.   The forum selection clause was freely negotiated by the parties**

Defendant argues that this factor favors enforcing the forum selection clause because Plaintiff had ample opportunity to contemplate the convenience of the forum selection clause and was free to negotiate the same.  Plaintiff presented no arguments as to this issue and no allegations in the complaint to support a finding that the parties did not freely negotiate the Agreement or the forum selection clause. As such, the Court finds that this factor favors upholding the forum selection clause.

In light of the Court's determination that all three factors support upholding the forum selection clause, the Court **GRANTS** the motion to dismiss the complaint without prejudice.

**IV.   <u>CONCLUSION</u>**

Thus, the Court holds that the forum selection clause is enforceable and therefore Plaintiff's complaint should be dismissed

CIVIL NO. 10-1797 (JP)            -9-

without prejudice. Accordingly, the Court will enter judgment dismissing the case without prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of October, 2010.


                              s/Jaime Pieras, Jr.
                              JAIME PIERAS, JR.
                          U.S. SENIOR DISTRICT JUDGE